Pablo **HERNANDEZ–PEDROZA,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

Nos. 05–72289.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James B. Nelson, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Pablo Hernandez–Pedroza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming an Immigration Judge's ("IJ") order denying asylum, withholding of removal, and relief under the Convention Against Torture

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that Hernandez–Pedroza did not establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *Id.* at 481, 112 S.Ct. 812. Hernandez–Pedroza failed to establish that the beating of his brother and the inquiry about Hernandez–Pedroza by unknown individuals were connected to his Institutional Revolutionary Party ("PRI") membership or his employment as a government bodyguard. *See Sangha v. INS*, 103 F.3d 1482, 1491 (9th Cir.1997) (concluding that petitioner failed to show that he faced problems on account of his political opinion).

Because Hernandez–Pedroza does not meet the lower "well-founded fear" standard for asylum, he is precluded from satisfying the higher standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Because Hernandez–Pedroza failed to exhaust his CAT claim before the BIA, this court lacks jurisdiction to consider the claim. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).